IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TYRONE HURT,

    Plaintiff,

v.

HON. D. MICHAEL FISHER, UNITED STATES COURT OF APPEALS, et al.,

    Defendants.

No. C 13-80054 MISC SI

**ORDER RE: PRE-FILING REVIEW OF COMPLAINT**

Order also to be filed in C 12-4187 EMC

In an order filed January 11, 2013, Judge Chen of this Court declared plaintiff Tyrone Hurt a vexatious litigant. *Hurt v. All Sweepstakes Contests*, C 12-4187 EMC, Docket No. 18. Pursuant to that order, the Clerk of this Court may not file or accept any further complaints filed by or on behalf of plaintiff, and if plaintiff wishes to file a complaint, the Duty Judge must review the complaint to determine whether it should be accepted for filing.

On March 11, 2013, plaintiff sought to file a new complaint in this Court. The undersigned is the Duty Judge, and has reviewed the complaint to determine whether it should be accepted for filing. The Court concludes that the new complaint suffers from the same types of factual and legal deficiencies as the previous frivolous lawsuits that led to the declaration of plaintiff as a vexatious litigant. In the new complaint, plaintiff has named as defendants Judge D. Michael Fisher of the United States Court of Appeals and the "United States Court of Appeals for the Eastern District of Pennsylvania." Based

upon material attached to the complaint, it appears that the Third Circuit has revoked Mr. Hurt's *in forma pauperis* privileges due to his pattern of abusing that privilege – having filed over 100 frivolous appeals in 2012 alone. Accordingly, the Third Circuit has repeatedly stated that Mr. Hurt must pay the $455 filing fee for any future appeals, about which Mr. Hurt is apparently dissatisfied. The complaint contains citations to various statutes, the United States Constitution, Black's Law Dictionary, and case law, and seeks $2 million in damages based on unspecified alleged violations of the Constitution.

The new complaint is frivolous because, among other reasons, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The Clerk is directed not to accept the new complaint for filing, and shall close this miscellaneous case.

**IT IS SO ORDERED.**

Dated: March 21, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2